UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61785-CIV-DIMITROULEAS/SELTZER

MICHAEL S. SUSSMAN,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR
VEHICLES, FLORIDA HIGHWAY
PATROL, MICHAEL R. OLACIREGUI,
AUSTIN BENNETT, JOHN DOE, and
ADDITIONAL UNKNOWN PARTIES,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendants' Motion for Summary Judgment, filed herein on June 4, 2007. [DE-52]. The Court has carefully considered Defendants' Motion [DE-52], Plaintiff's Memorandum of Law in Opposition to the Motion [DE-68], Plaintiff's supplemental response [DE-69], the affidavits filed in support of the motion and response, and, no reply having been filed, is otherwise fully advised in the premises.

### I.    BACKGROUND

On November 19, 2004, at approximately 4:55 p.m., Plaintiff, Michael Sussman was driving his automobile, a Chevrolet four door sedan, Southbound on Interstate 95, North of SW 10th Street in Broward County, Florida. Defendants Michael Olaciregui and Austin Bennett, Florida Highway Patrol ("FHP") State Troopers, while on routine patrol, noticed that Plaintiff's Chevrolet four door sedan appeared to be the same colors as those prescribed for the Highway

Patrol. It was the experience of Defendants that all official FHP vehicles are stripped of their insignia and spray painted in a 'graffiti' type manner with black paint before being sold at auction, or released from the Department in any way, in order to avoid the possibility of it being perceived as still in service. In addition, both Troopers observed the driver of the Chevrolet speed up and get alongside of a faster driving vehicle until he got the attention of the driver of the other vehicle causing the other vehicle to slow down. Plaintiff asserts that he did not purchase the vehicle from FHP and that its coloring is distinct from the coloring of FHP vehicles. Additionally, Plaintiff asserts that the only hand gestures he made were to indicate that he was about to change lanes because his signal was not functioning properly.

Defendant Olaciregui initiated a traffic stop of the Plaintiff, after which Defendant Bennett arrived at the scene to provide back up assistance. Olaciregui then approached Plaintiff and asked Plaintiff for "his license, registration and proof of insurance." In addition to these questions, Olaciregui asked Plaintiff the reason for his vehicle being colored the same colors as an official Florida Highway Patrol vehicle. Plaintiff responded that the issue of the color of his vehicle had been repeatedly adjudicated, that the officers' supervisors were familiar with the matter, and that the officers should contact their supervisors. Defendant Olaciregui then asked Plaintiff to exit the vehicle. After complying with this request, Plaintiff was asked the same series of questions as before. Plaintiff again did not respond to the questions but instead advised Olaciregui to contact his supervisor. At this point, Olaciregui arrested Sussman, charging him with resisting and obstructing without violence; a violation of Florida Statutes § 843.02; and violating Florida Statutes § 321.03 by coloring or causing to be colored any motor vehicle or motorcycle the same or similar color as the color or colors so prescribed for the Florida Highway Patrol. Sussman was

then searched by Olaciregui while Bennett observed. Sussman's vehicle was also searched. Sussman's property was placed in a clear plastic bag and transported with him to the Broward County Jail.

Plaintiff filed the instant action on November 18, 2005, against Defendants Olaciregui and Bennet, the Florida Department of Highway Safety, and the Florida Highway Patrol. Plaintiff dismissed his claims against the Florida Department of Highway Safety and the Florida Highway Patrol on May 22, 2006, and filed a Second Amended Complaint alleging claims for: Count I: Unlawful Stop, Arrest and Detention under 42 U.S.C. § 1983; Count II: Unlawful Search of Plaintiff's Person under 42 U.S.C. § 1983; Count III: Unlawful Search of Plaintiff's Vehicle under 42 U.S.C. § 1983; Count IV: Unlawful Seizure of Property under 42 U.S.C. § 1983; and Count V: Common Law Unlawful Imprisonment. Plaintiff alleges that Defendants Olaciregui and Bennett, as Florida Highway Patrol State Troopers, deprived him of his liberty and property without due process of law, and made unreasonable search and seizure of the person and property of plaintiff. Plaintiff has sued Defendants in their individual capacity and alleges that this action is proper before this Court pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

## II. DISCUSSION

Defendants Olaciregui and Bennet move for summary judgment on Plaintiff's claims for unlawful arrest and unlawful search of his person and vehicle under 42 U.S.C. § 1983. Defendants argue both the merits of these two claims, as well as the alternative argument that the officers have qualified immunity in this case regarding these claims.

### A. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  As the moving party, Defendants are charged with the stringent burden of establishing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The granting of summary judgment should be withheld unless it is clear to the Court that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of Rule 56(e), the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the nonmoving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the nonmoving party "is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (citations omitted).

### B. Section 1983 Claims for Unlawful Arrest and Search

Plaintiff filed the instant suit under 42 U.S.C. § 1983, alleging that his arrest and search of his person and his vehicle violated his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.  "As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated."  County of Sacramento v. Teri Lewis and Thomas Lewis, 523 S. Ct. 833 (1998); see Graham v. Connor, 490 U.S. 386 (1986).  To recover under § 1983, Plaintiff must prove that Defendants 1) deprived him of a federal right, 2) while acting under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980); Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir.1999).  These two threshold issues have been met in this case, as Plaintiff's claims against the Officers are under the Fourth and Fourteenth Amendments for unlawful arrest and unlawful search.

Defendants move for summary judgment on these claims, arguing that Defendants had probable cause to arrest Sussman which acts as a bar to his § 1983 claims.  "A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim."

Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004).  However, the existence of probable cause at the time of arrest is an absolute bar to a § 1983 action for false arrest.  Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990).  An arrest is supported by probable cause when it is objectively reasonable based on the totality of the circumstances.  Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir.1998). "This standard is met when 'the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.' " Id. (quoting Williamson v. Mills, 65 F.3d 155, 158 (11th Cir.1995)).

Defendants argue that, based on their knowledge of the facts and circumstances, including their understanding that all FHP vehicles are painted over with black paint before being sold at auction, they had probable cause to believe that Plaintiff had committed a violation of Fla. Stat. § 321.03.[1]  Plaintiff responds that the facts relied upon by the Defendants do not establish that Defendants had probable cause to arrest Plaintiff or that they were entitled to qualified immunity as a result of doing so.  Here, Plaintiff's affidavit raises issue of material fact that preclude entry of summary judgment.  Plaintiff asserts that his vehicle is not painted the same colors as an FHP vehicle, that Plaintiff did not purchase the vehicle from FHP, and that he is not responsible for painting the vehicle.  Sussman Aff. at ¶¶ 2-5. Moreover, Plaintiff states that although his car is

---

[1] Florida Statute § 321.03 states that "[i]t shall be unlawful for any person or persons in the state to color or cause to be colored any motor vehicle or motorcycle the same or similar color as the color or colors so prescribed for the Florida Highway Patrol. Any person violating any of the provisions of this section or s. 321.02 with respect to uniforms, emblems, motor vehicles and motorcycles shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083." Fla. Stat. § 321.03.

painted with black and tan stripes, the vehicle's coloring is distinct from the coloring of an FHP vehicle, with differences that would be obvious to the average person. Id. at ¶ 2. Based on the facts in the record viewed in the light most favorable to the Plaintiff, the Defendants have not conclusively established that they had probable cause to arrest Plaintiff for violating Fla. Stat. § 321.03, and their motion as to Plaintiff's claim for false arrest under § 1983 will be denied.

Additionally, Defendant's motion must be denied as to Plaintiff's claims for unlawful search and seizure of his person and property. Defendants argue in their motion that Plaintiff has failed to establish these claims under § 1983 because Defendants' search of the Plaintiff and his vehicle was proper as a search incident to a lawful arrest. See New York v. Belton, 453 U.S. 454, 459 (1981). Defendants argument presupposes that their arrest of Plaintiff was lawful. However, having concluded that Defendants have not conclusively established probable cause for their arrest of Plaintiff, the Court cannot conclude that the search was incident to a lawful arrest and summary judgment on these claims will also be denied.

### C. Qualified Immunity

Defendants argue that even if Plaintiff has established claims under § 1983 for false arrest and unlawful search, Defendants are entitled to qualified immunity, which shields a § 1983 defendant from liability for harms arising under discretionary acts, as long as the discretionary acts do not violate clearly established federal rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For an asserted right to be clearly established for purposes of qualified immunity, "the law must have earlier been developed in such concrete and factually defined context to make it obvious to all reasonable government actors in

the defendant's place that 'what he is doing' violates federal law." Lassiter v. Alabama A & M Univ. Bd. Of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Section 1983 actions must allow a Defendant to reasonably anticipate that their conduct may give rise to liability. See United States v. Lanier, 520 U.S. 259, 270 (1997). "In some circumstances, as when an earlier case expressly leaves open, whether a general rule apples to the particular type of conduct at issue, a very high degree of prior factual particularity may be necessary." Id. at 271. However, "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though 'the very action in question has [not] previously been held unlawful. Anderson v. Creighton, 483 U.S. 635 (1987). Therefore, if a reasonable officer would not have acted in a similar manner as Defendants, Defendants cannot escape liability simply because certain law does not exist that specifically states that their conduct was improper.

To enjoy qualified immunity, Defendants need only have arguable probable cause to support their arrests of Plaintiff. Post, 7 F.3d at 1558. The standard for arguable probable cause is "whether a reasonable officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well-established law." Gold v. City of Miami, 121 F.3d 1442, 1445 (11th Cir. 1997). "Critical to probable cause is some information identifying the subject of the arrest as the perpetrator of the suspected criminal conduct." Williamson v. Mills, 65 F.3d 155, 158 (11th Cir. 1995) (citing Wong Sun v. United States, 371 U.S. 471, 480-482 (1963)). Ultimately, "whether an arresting officer possesses probable cause or arguable probable cause naturally depends on the elements of the alleged crime and the operative fact pattern." Skop v. City of Atlanta, GA, 485 F.3d 1130,

1137-38 (11th Cir. 2007)(internal citations omitted).

Taking the facts in the light most favorable to the Plaintiff as the nonmoving party, the Court cannot conclude that Defendants are entitled to summary judgment on the issue of qualified immunity at this time. Although Defendants assert that Plaintiff's vehicle was painted to appear to be an FHP vehicle, Plaintiff disputes this assertion, stating that his vehicle is not painted in the same color or colors as an FHP vehicle and its appearance has obvious differences from an FHP vehicle that a reasonable officer would be able to perceive. Sussman Aff. at ¶¶ 2-5. Plaintiff has produced evidence from which a reasonable jury might find that he did not engage in the conduct for which he was arrested and thus the Court concludes, based on the proferred facts before it, that it is a jury question whether Defendants lacked even arguable probable cause. Although the court is mindful that qualified immunity is a powerful tool intended to shield officers from suit and from mistakes in judgment, here Defendants have provided no evidence beyond their own affidavits to support their assertion that Plaintiff's vehicle so closely resembled an FHP vehicle that they had a sufficient basis to stop and to arrest Plaintiff for violation of Fla. Stat. § 321.03. Accordingly, the Court concludes that Defendants are not entitled to summary judgment on the issue of qualified immunity.

### D. Punitive Damages

Finally, Defendants move for summary judgment on the issue of punitive damages, arguing that even if Plaintiff has adequately stated a claim under § 1983, he has not alleged the type of conduct that would meet the standard set out in Smith v. Wade, 461 U.S. 30, 56 (1983) (holding that "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves

reckless or callous indifference to the federally protected rights of others."). Plaintiff responds that issues of intent or motive are fact issues not suited for summary judgment and that issues of disputed fact preclude summary judgment here.

Plaintiff states in his affidavit that Defendants acted in a loud, aggressive and confrontational manner, Pl.'s Aff. at ¶24, that Defendant Olaciregui walked away and said "What's that, no officer, don't arrest me!" and then returned to Plaintiff in a fast and aggressive manner, became angry and began the procedure to arrest Sussman, id. at ¶¶ 28-31, that Olaciregui was aggressive and borderline assaultive in removing Plaintiff's property, literally ripping equipment from his belt, id. at ¶ 35, that, after Plaintiff requested a supervisor, Defendant repeatedly yelled "Request denied!" at Plaintiff, id. at ¶¶ 42, 47, and that approximately $420 in currency was removed from Plaintiff's property and not returned to him, id. at ¶¶ 51, 53, 56. Plaintiff has sufficiently alleged that Defendants' conduct was motivated by evil intent or reckless or callous indifference such that a jury may consider the issue of punitive damages. Smith, 461 U.S. at 56. Accordingly, the Court will deny Defendants' motion as to Plaintiff's claim for punitive damages.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment [DE-52] is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 10th day of August, 2007.

WILLIAM P. DIMITROULEAS
United States District Judge

10

Copies furnished to:

Counsel of record